**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alanco Technologies, Inc., an Arizona corporation; Technology Systems International, Inc., f/k/a TSI Acquisition Corporation, an Arizona corporation; Robert R. Kauffman and Elizabeth Kauffman, husband and wife; Greg E. Oester and Linda Oester, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>Carolina Casualty Insurance Company, a Florida corporation,<br><br>    Defendant. | No. CV-04-789-PHX-DGC<br><br>**ORDER** |

Pending before the Court are Defendant's motion for reconsideration and motion to stay the discovery schedule. Docs. ##59, 72. The motion for reconsideration will be denied and the Court will grant a 30-day extension of fact discovery. Terms used in this Order correspond with terms used in the Court's Order of May 19, 2005. Doc. #58.[1]

---

[1] The Court concludes that oral argument on these motions is not necessary. The parties submitted memoranda thoroughly discussing the law and facts supporting their positions. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.     Motion for Reconsideration.**

Defendant argues vigorously that the Court based its Order of May 19, 2005 (Doc. #58) on an argument never made by Plaintiffs. Doc. #59 at 2-4. The Court does not agree. Construction of the insurance contract was an issue addressed at length by the parties. Moreover, the Ninth Circuit has held that a district court "'may grant summary judgment on any legal ground the record supports.'" *Jackson, Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001) (quoting *Moore's Federal Practice* ¶ 56.14[1] (1994)).

Defendant asserts that Plaintiffs agreed the IVI exclusion must be analyzed as of the date the claim was first made, but in making this argument Defendant cites to page 4 of Plaintiffs' motion for summary judgment where Plaintiffs discuss *Defendant's* argument. Doc. #59 at 2-5; *see* Doc. #51 at 4 ("In its previously filed Motion to Dismiss, *Carolina stated* that with a claims-made policy, the Court must analyze the [IVI] exclusion when the claim was first made[.]") (emphasis added). The Court has reviewed the briefing on the motions for summary judgment and cannot conclude that Plaintiffs agreed the IVI exclusion was to be analyzed solely with respect to the first complaint filed in the State Court Suit. To the contrary, Plaintiffs argued that the IVI exclusion was to be analyzed with respect to the amended complaint and that the amended complaint was a new claim asserted by a non-insured claimant. Doc. #51 at 3, 7-9.

The motion for reconsideration relies on language from the IVI exclusion to suggest that the exclusion itself required the Court to consider only the first complaint in the State Court Suit. In so arguing, Defendant seems to contend that Section VII.C need not be consulted because the IVI exclusion itself expressly applies to the original complaint – the complaint by which the claim was "instigated" – in the State Court Suit. Defendant did not make this argument in its motion for summary judgment or its response to Plaintiffs' motion for summary judgment, but relied instead on Section VII.C. *See* Docs. ##50, 54. Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1998).

1    Defendant argues that the Court's decision is incorrect in light of *Pintlar Corp. v.*
2    *Fidelity & Casualty Co.,* 205 B.R. 945, 947 (Bankr. D. Idaho 1997). The Court addressed
3    *Pintlar* in its previous decision. *See* Doc. #58 at 6-7. Motions for reconsideration should
4    not ask the Court to rethink what it has already analyzed. *See United States v. Rezzonico*,
5    32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).

6    Defendant argues that the Court's decision is contrary to Arizona law which
7    requires that an insurance policy be construed as a whole. In reaching its previous
8    decision, however, the Court relied on the Arizona authority it considered most relevant.
9    *See* Doc. #58 at 5. Again, the proper purpose of a motion for reconsideration is not to ask
10   the Court to rethink its prior analysis. *Rezzonico*, 32 F. Supp. 2d at 1116.

11   Defendant claims that the Court's decision will have implications beyond this case.
12   It was not so intended. The Court did not purport to announce broad principles of
13   insurance policy interpretation that would have application in cases other than this one,
14   and it would be incorrect for Plaintiffs, Defendant, or any other party to cite the Court's
15   prior order for some broader purpose.

16   **II.   Motion to Stay Discovery.**

17   The Court entered a Case Management Order on February 18, 2005. Doc. #49. That
18   order established a deadline for fact discovery of August 12, 2005. *Id.* ¶ 5. Approximately
19   five and one-half months into the discovery schedule, and only eleven working days
20   before the deadline, Defendant filed a motion arguing that discovery should be stayed until
21   the underlying litigation has been resolved. Doc. #72 at 3. Defendant alternatively argued
22   that discovery should be stayed until 30 days after the Court ruled on Defendant's motion
23   for reconsideration. *Id.*

24   Federal Rule of Civil Procedure 16 provides that a scheduling order "shall not be
25   modified except upon a showing of good cause[.]" Fed. R. Civ. P. 16(b). Good cause exists
26   when a deadline "cannot reasonably be met despite the diligence of the party seeking the
27   extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). "Rule 16(b)'s 'good
28   cause' standard primarily considers the diligence of the party seeking the amendment."

1  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

2        Defendant argues that a stay might enable the parties to avoid "spending thousands of dollars seeking to compel discovery, reviewing documents, and deposing witnesses." Doc. #75 at 2. But the eleven working days that remained in the discovery period when Defendant's motion was filed left little time for such activities. To the extent Defendant seeks additional time to engage in such discovery, the Court finds that it has not demonstrated the diligence required for good cause under Rule 16. Nor is the Court willing to stay this litigation pending the outcome of the underlying case. This is an independent action in need of independent resolution.

      Because Defendant's motion for reconsideration has been pending for some time, the Court will grant an extension of the fact discovery deadline to 30 days after the date this order is filed. All other terms of the Court's Case Management Order shall remain in effect. *See* Doc. #49.

**IT IS ORDERED:**

1. Defendants' motion for reconsideration (Doc. #59) is **denied**.

2. Defendant motion to stay the discovery schedule (Doc. #72) is **granted in part**, as set forth above.

      DATED this 31st day of October, 2005.

David G. Campbell
United States District Judge